UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT ROBINSON,<br><br>          Plaintiff,<br><br>v.<br><br>JIMMY PALMER, and REGGIE COX,<br><br>          Defendants. | Case No.: 18-CV-2004 JLS (MDD)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>(ECF No. 2) |

  Presently before the Court is Plaintiff Bryant Robinson's Motion to Proceed *In Forma Pauperis*, ("IFP Mot.," ECF No. 2).

  All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

In the present case, Mr. Robinson has submitted an affidavit indicating his total monthly income is $910 (received through disability payments) and that he is currently unemployed. IFP Mot. 2–4. Mr. Robinson also indicates that he has assets consisting of a Cadillac DeVilles. *Id.* Mr. Robinson's monthly expenses seem to total $607. *Id.* Importantly, Mr. Robinson does not include his current assets. Because the IFP application does not include his current assets, the Court cannot adequately assess whether Mr. Robinson can pay the filing fee. Accordingly, the Court **DENIES** Plaintiff's Motion to Proceed IFP.

## CONCLUSION

Given the foregoing, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Proceed *In Forma Pauperis*. Plaintiff—within thirty (30) days of the date on which this Order is electronically docketed—may either (1) file a new Motion to Proceed *In Forma Pauperis* addressing the Court's above-mentioned concerns, or (2) pay the $400 filing fee.[1]

**IT IS SO ORDERED.**

Dated: December 3, 2018

Hon. Janis L. Sammartino
United States District Judge

---

[1] The Court also notes that if Plaintiff again moves for leave to proceed *in forma pauperis* the Court will be required to *sua sponte* screen Plaintiff's underlying Complaint. 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). As noted in the Court's Order to Show Cause ("OSC," ECF No. 4) the Court has serious doubts as to whether it has subject matter jurisdiction over Mr. Robinson's claims. Mr. Robinson's Reply to the OSC, ECF No. 6, did not adequately address those doubts.